UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID W. WILSON,<br><br>              Plaintiff,<br><br>      v.<br><br>K.L. LASSITER, et al.,<br><br>              Defendants. | No. 2: 14-cv-1747 KJN P<br><br>ORDER AND<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff has filed a motion to proceed in forma pauperis.  For the following reasons, the undersigned recommends that plaintiff's motion to proceed in forma pauperis be denied.

This court's record demonstrates that on at least three prior occasions before filing the complaint in this action, this court has dismissed at least three of plaintiff's prior lawsuits on grounds that they were frivolous or malicious or failed to state a claim upon which relief may be granted.  See Wilson v. Schwartz, 2:05-cv-1649 GEB CMK P; Wilson v. Veal, 2:06-cv-0067 FCD KJM P; Wilson v. Dovey, 2:06-cv-1032 FCD EFB P.  These "strikes" were final before plaintiff filed the instant action.  Plaintiff is therefore precluded from proceeding in forma pauperis in this action unless plaintiff is "under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

1

       The imminent danger exception applies only if it is clear that the danger existed when the complaint was filed, and the allegation must be plausible. Andrews v. Cervantes, 493 F.3d 1047, 1053-55 (9th Cir. 2007). The court is required to assess the relevant circumstances and conditions at the time the complaint was filed, to determine "whether the complaint, as a whole, alleges imminent danger or serious physical injury." Id. (citation and internal quotation marks omitted). Further, a prisoner's complaint can demonstrate "imminent danger" by alleging an ongoing danger. Andrews, 493 F.3d at 1056-57. The alleged imminent danger must be real and proximate. Ciarpaglini v. Saini, 352 F.3d 328, 330 (7th Cir. 2003). Allegations that are overly speculative or fanciful may be rejected. Andrews, 493 F.3d at 1057 n.11.

       In the complaint, filed July 23, 2014, plaintiff alleges that defendant Lassiter harassed plaintiff after he filed two group appeals on September 4 and 18, 2012. Plaintiff alleges that in October 2012, defendant Lassiter had plaintiff's ground floor chrono removed in retaliation for plaintiff filing a staff complaint against him. Plaintiff alleges that on October 23, 2012, plaintiff filed another staff complaint against defendant Lassiter. On December 6, 2012, this appeal was partially granted at the second level. Plaintiff alleges that he suffers from pain in his thigh and groin area as a result of having to go up and down stairs now that he does not have his ground floor chrono.

       Plaintiff alleges that on October 23, 2012, he filed a staff complaint against defendant Wieland based on removal of his lower tier chrono, the denial of showers, and for failing to treat rashes and a lump under plaintiff's arm. On February 13, 2013, defendant Clark denied plaintiff's second level grievance of this staff complaint against defendant Wieland. On July 24, 2013, defendant Zamora denied plaintiff's third level grievance.

       As relief, plaintiff seeks a permanent ground floor chrono and an order directing that he be seen by an outside doctor. Plaintiff also seeks money damages.

       Defendants committed the alleged deprivations in 2012 and 2013. The only ongoing injury plaintiff alleges is the continued denial of the ground floor chrono. Plaintiff alleges that he suffers from pain in his thigh and groin area as a result of having to go up and down stairs. Plaintiff has been without a ground floor chrono for almost two years. Based on this

1  circumstance, and the allegations in the complaint, the undersigned does not find that plaintiff's
2  allegations of pain demonstrate a serious physical injury or the imminent danger of serious
3  physical injury warranting a finding that plaintiff meets the imminent danger exception set forth
4  in 28 U.S.C. § 1915(g).  For these reasons, plaintiff's motion to proceed in forma pauperis should
5  be denied.
6      Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court shall assign a district
7  judge to this action; and
8      IT IS HEREBY RECOMMENDED that plaintiff's application to proceed in forma
9  pauperis be denied; plaintiff be ordered to pay the $400 filing fee.
10      These findings and recommendations are submitted to the United States District Judge
11  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days
12  after being served with these findings and recommendations, plaintiff may file written objections
13  with the court and serve a copy on all parties.  Such a document should be captioned
14  "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that
15  failure to file objections within the specified time may waive the right to appeal the District
16  Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
17  Dated:  July 31, 2014

19  Wil1747.ord

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

3