UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID W. WILSON, | No. 2:14-cv-1747 WBS KJN P |
| Plaintiff, | |
| v. | ORDER |
| K.L. LASSITER, et al., | |
| Defendants. | |

  Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983.  On September 23, 2014, the undersigned denied plaintiff's application to proceed in forma pauperis and ordered plaintiff to pay the filing fee within thirty days.  (ECF No. 7.)  On October 15, 2014, plaintiff filed objections to the September 23, 2014 order.  (ECF No. 8.)  The undersigned construed plaintiff's objections as a request for reconsideration.  On February 2, 2015, the undersigned denied plaintiff's request for reconsideration.  (ECF No. 9.)

  Pending before the court is plaintiff's February 19, 2015 "motion for relief" from the February 2, 2015 order.  (ECF No. 10.)  Plaintiff alleges that his motion is brought pursuant to Federal Rule of Civil Procedure 60(b).  Plaintiff again argues that the court erred in denying his application to proceed in forma pauperis.

  The standards for motions brought pursuant to Rule 60(b) and requests for reconsideration are similar.  Rule 60(b) allows the Court to relieve a party from an order for "(1) mistake,

1

1  inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable
2  diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3)
3  fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an
4  opposing party; (4) the judgment is void; or (6) any other reason that justifies relief."
5  Fed.R.Civ.P. 60(b).

6  Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice
7  and is to be utilized only where extraordinary circumstances ..." exist. <u>Harvest v. Castro</u>, 531
8  F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party
9  "must demonstrate both injury and circumstances beyond his control .... " <u>Id.</u> (internal quotation
10 marks and citation omitted).

11 As stated in the February 2, 2015 order, three grounds may justify reconsideration: 1) an
12 intervening change in controlling law; 2) the availability of new evidence; or 3) the need to
13 correct clear error or prevent manifest injustice. <u>Kern-Tulare Water Dist. v. City of Bakersfield</u>,
14 634 F.Supp. 656, 665 (E.D. Cal. 1986), <u>rev'd in part on other grounds</u>, 828 F.2d 514 (9th Cir.
15 1987), <u>cert. denied</u>, 486 U.S. 1015 (1988).

16 The gravamen of plaintiff's pending motion is his challenge to the finding that he did not
17 meet the imminent danger exception to 28 U.S.C. § 1915(g).  Plaintiff has not demonstrated that
18 the September 23, 2014 order finding that he did not meet the imminent danger exception was in
19 error. Accordingly, plaintiff's motion is denied.  The court will entertain no further challenges to
20 the September 23, 2014 order denying plaintiff's application to proceed in forma pauperis.

21 Accordingly, IT IS HERBY ORDERED that:

22 1. Plaintiff's motion for relief (ECF No. 10) is denied;

23 2. Plaintiff is granted thirty days from the date of this order to pay the filing fee; failure to
24 pay the filing fee will result in dismissal of this action.

25 Dated:  March 6, 2015

26 _____
   WILLIAM B. SHUBB
27 UNITED STATES DISTRICT JUDGE

28 Will1747.req(2)

2